IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 123-036 |
| | * | |
| JOSE MANUEL SALDANA | * | |

O R D E R

Defendant Jose Manuel Saldana has been under the supervision of this district's United States Probation Office since his release and transfer of jurisdiction from the Southern District of Florida.[1] (Doc. 1.) Saldana is serving a six-year term of supervised release as a result of his 1996 conviction on drug-related charges and a firearm offense.[2]

On March 20, 2024, Defendant filed a motion to appoint counsel to assist him in filing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 2.) Defendant provided a "Memorandum of Law" supporting his motion and seeking compassionate release though in the form of reducing his term of supervised release from six years to three years. (Doc. 3.)

---

[1] Defendant was released from prison on December 21, 2022, and transferred to the jurisdiction of this Court on May 16, 2023.

[2] On December 7, 2022, Defendant's sentence of life imprisonment was reduced to 384 months under the First Step Act of 2018. His ten-year term of supervised release was reduced to six years.

Defendant recognizes in his motion for appointment of counsel that he has no federal constitutional right to counsel in post-conviction proceedings. (Doc. 2, at 2.) See United States v. Courson, 835 F. App'x 546 (11th Cir. 2021); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009); Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006). The district court, however, has discretionary authority to appoint counsel in the interests of justice. See Webb, 565 F.3d at 795 n.4. The Court declines to do so because the issues here are not complicated or difficult. Accordingly, Defendant's motion to appoint counsel (doc. 2) is **DENIED**.

Turning to the merits of Defendant's filings, the compassionate release statute cited by Defendant only speaks in terms of a court reducing a "term of imprisonment." See 18 U.S.C. § 3582(c)(1)(A). Thus, a defendant may not seek reduction of his term of supervised release under that statute. However, 18 U.S.C. § 3583(e)(1) authorizes a court to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . ." The Court also has the authority "to modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release . . . ." Id. § 3583(e)(2).

In this case, Defendant seeks a reduction in this supervised release term from six years to three years. He cites to his need

2

to be a caregiver to his niece, who suffers from Lupus. Defendant fails to show, however, how a reduction in his supervised release term would help him care for his niece. Defendant has only served one year and five months of his supervised release term. If the Court reduced his term to three years, he would be in the exact same position on a daily basis that he is now. His request for reduction simply makes no sense in terms of any known advantage to Defendant.

The Court suspects that Defendant would be benefited by an early discharge of his supervised release term because he would no longer have to account for his activities and report to the United States Probation Office. The Government opposes early termination as premature even though the United States Probation Office and the Government agree that Defendant has performed well on supervised release with no known violations of supervision.[3]

Upon considering the factors of 18 U.S.C. § 3553(a), particularly in light of the serious nature of Defendant's offenses, and giving due deference to the prosecuting office, the Court finds that one more year of full compliance with his terms of supervised release would benefit not only the community at large but Defendant himself.

---

[3] In a recent request for modification of his conditions, the Supervising Probation Officer reported that Defendant has been working full-time while caring for his niece and children. (Doc. 7.)

Upon the foregoing, Defendant Jose Manuel Saldana's motion for early termination of supervised release (couched in terms of compassionate release) (docs. 2 & 9) is **DENIED** without prejudice to renew no earlier than June 1, 2025. At that time, the Court will consider <u>only</u> a petition to terminate supervised release that is unopposed by Defendant's supervising probation officer. The Clerk is directed to provide a copy of this Order to Mr. Andrew Doughty of the United States Probation Office.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of June, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA